ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Agana, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
MAY -8 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 06-00018 |
| Plaintiff, ) | |
| ) | |
| vs. ) | PLEA AGREEMENT |
| ) | |
| GINGER PEREZ HAMAMOTO, ) | |
| ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant GINGER PEREZ HAMAMOTO, enter into the following plea agreement:

1. The defendant agrees to waive indictment, pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, and enter a guilty plea to an Information charging her with misprision of felony, in violation of Title 18, United States Code, Section 4. The government will move to dismiss the superseding indictment in Criminal Case No. 05-00066 against defendant upon sentencing.

2. The defendant, GINGER PEREZ HAMAMOTO, understands that the <u>maximum</u> sentence for misprision of felony is three (3) years imprisonment, a $250,000 fine, and a $100 special assessment fee which must be paid immediately upon sentencing. Any sentence of

1

incarceration shall include a term of supervised release of not more than one (1) year in addition to such terms of imprisonment, and defendant also understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to one year of incarceration.

The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt

3. The defendant understands that to establish a violation of misprision of felony, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>: a person committed and completed a felony offense;

<u>Second</u>, the defendant had full knowledge of this fact;

<u>Third</u>, the defendant failed to notify the authorities; and

<u>Fourth</u>, the defendant took an affirmative step to conceal the crime.

4. The defendant understands that the United States Probation Office will calculate a "sentencing range" within the United States Sentencing Guidelines. The defendant understands the Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the sentence. The defendant also understands that the facts she stipulates to herein will be used by probation, pursuant to § 1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines level:

a. The defendant was born in 1979, and is a citizen of the United States.

b. On September 8, 2005, the defendant, her then six-month old child, and Joseph Anthony Mesa, went to Room 755 of the Guam Reef Hotel to meet with Shardae R. Love and Jeffrey A. Espinosa. The defendant went there to smoke methamphetamine hydrochloride also known as "ice" which she expected to obtain from the other occupants of the room. While in

2

Room 755, the defendant saw a Guam Police Department police scanner which monitored the movements of the police, various chemicals, glassware and other equipment around the room associated with manufacturing ice, and paraphernalia associated with smoking and distributing ice. Defendant failed to report this illegal scheme of manufacturing and distributing ice by the room's occupants to the authorities and, by going to and staying in the hotel room with Mesa and her child for the purpose of smoking ice obtained from the room's occupants, the defendant took an affirmative step which helped concealed the methamphetamine manufacturing and distribution scheme. When questioned by law enforcement on September 8, 2005, Defendant denied the existence of a methamphetamine lab in Room 755, which Defendant knew was an untruthful statement. A forensic chemist analyzed the controlled substance found in the hotel room and determined that, in the aggregate, it was 1.99 grams, net weight, of d-methamphetamine hydrochloride of 96% purity which is also known as ice.

    c. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea.

    5. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence actually imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from her criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

6. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

   a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

   b. Her right to be represented by an attorney;

   c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

   d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

   e. Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendation of the government or her counsel;

   f. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

   g. That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

   h. That she has read the plea agreement and understands it.

//
//
//
//
//

4

i. The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: 5/5/06

*Ginger Perez Hamamoto*
GINGER PEREZ HAMAMOTO
Defendant

DATED: 5.5.06

*[signature] for*
G. PATRICK CIVILLE
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 5-8-06

By: *[signature]*
MARIVIC P. DAVID
Assistant U.S. Attorney

DATED: 5-8-06

*[signature] for*
RUSSELL C. STODDARD
First Assistant U.S. Attorney