# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM
### CRIMINAL MINUTES

CASE NO.: CR-06-00018                    DATE: July 20, 2006

---

HON. JOAQUIN V. E. MANIBUSAN, JR., Magistrate Judge, Presiding
    Law Clerk: Judith P. Hattori              Court Reporter: Wanda Miles
Courtroom Deputy: Leilani Toves Hernandez    Electronically Recorded: 10:13:38 - 10:29:27
    CSO: F. Tenorio

---

**APPEARANCES:**

Defendant: Ginger Perez Hamamoto          Attorney: G. Patrick Civille
    ☑Present ☐Custody ☐Bond                   ☑Present ☐Retained
    ☐P.R.                                     ☐FPD ☑CJA

U.S. Attorney: Marivic P. David           U.S. Agent:
U.S. Probation: Grace Flores              U.S. Marshal: C. Marquez
    Interpreter:                          Language:
        ☐Sworn ☐Previously Sworn

---

**PROCEEDINGS: Order to Show Cause Why Pretrial Release Conditions Should Not Be Revoked**
- Allegations Stated by the Court
- Defendant Admits to the Allegations
- Revocation of Pretrial Release Denied
- Defendant to be released on Personal Recognizance Bond

NOTES: Government stated that the Petition was inadvertently filed in CR-05-00066 and should be filed under CR-06-00018. The Court instructed the clerk to place a copy of the petition in the appropriate case. (see attached)

Defense requested for the defendant to be released under the same conditions previously imposed. Government stated their concern regarding the defendant's past violations.

The Court released the defendant under the same conditions previously imposed under CR-05-00066. The defendant was admonished to abide by the conditions and any positive drug test will automatically revoke her release.

# United States District Court

for

THE DISTRICT OF GUAM

U.S.A. vs: __GINGER PEREZ HAMAMOTO__  Docket No. __CR#05-00066-003__

**FILED**
DISTRICT COURT OF GUAM
JUL 17 2006
MARY L.M. MORAN
CLERK OF COURT

### Petition for Action on Conditions of Pretrial Release

COMES NOW __CAFMEN D. O'MALLAN__ PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant __Ginger Perez Hamamoto__ who was placed under pretrial release supervision by the Honorable __Joaquin V.E. Manibusan Jr., Magistrate Judge__ sitting in the court at __Hagatna, Guam__ on the __29th__ date of __September__, 20 __05__ under the following conditions:

Surrender any passport to the Clerk of Court, District Court of Guam; obtain no passport; remain at a fixed address and not change residence unless approved by the U.S. Probation Office; avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution; refrain from possessing a firearm, destructive device, or other dangerous weapon; refrain from any use of alcohol; refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; submit to any method of testing required by a pretrial services officer or the supervising officer for determining whether he is using a prohibited substance; participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer; refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release; participate in the Home Incarceration program; report as soon as possible any contact with law enforcement; shall not go near any ports of entry or exit, unless authorized by the U.S. Probation Office; shall not leave the Territory of Guam without written permission of the Court and the U.S. Probation Office; shall undergo a mental health intake and abide by any and all treatment recommendations to include counseling; shall be allowed to visit attorney while on Home Incarceration. Conditions were modified on May 8, 2006, authorizing her to participate in the Kline-Welsh Behavioral Health Foundation residential treatment program.

*RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:*

*(If short insert here; if lengthy write on separate sheet and attach)*

*Please see attached Declaration in Support of Petition;*
*Violation Report, Violation of Pretrial Release Conditions*

**RECEIVED**
JUL 10 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

*PRAYING THAT THE COURT WILL*

Pursuant to 18 U.S.C. §3148, order that this information be incorporated at the next scheduled hearing, and at that hearing, the defendant be held to answer or show cause why bail should not be revoked or why conditions of release should not be modified, or for any other matter for which the Court may deem just and proper.

ORDER OF COURT

Considered and ordered this __17th__ day of __July__, 20 __06__ and ordered filed and made a part of the records in the above case.

_____
U.S. District Judge/Magistrate

Respectfully, _____
CARMEN D. O'MALLAN
U.S. Pretrial Services Officer

Place: __Hagåtña, Guam__

Date: __July 10, 2006__

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GINGER PEREZ HAMAMOTO, )<br>Defendant. )<br>_____) | CRIMINAL CASE NO. 05-00066-003<br><br>**DECLARATION IN SUPPORT OF PETITION** |

**Re:** **Violation Report, Violation of Pretrial Release Conditions**

I, U.S. Probation Officer Specialist Carmen D. O'Mallan, am the assigned U.S. Probation Officer supervising the Court-ordered conditions of pretrial for Ginger Hamamoto, and in that capacity declare as follows:

On September 12, 2005, Ginger Perez Hamamoto made an Initial Appearance before Magistrate Judge Joaquin V. E. Manibusan Jr., pursuant to a Complaint charging her with Attempt to Manufacture Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2, and Possession with Intent to Distribute of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2.

On September 21, 2005, an Indictment was handed down by the Federal Grand Jury, in U.S.D.C. Criminal Case Number 05-00066 charging the defendant with Attempt to Manufacture Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 18 U.S.C. § 2, and Possession with Intent to Distribute of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. On September 22, 2005, the Complaint in U.S.D.C. Cr. Cs. No. 05-00046-003 was dismissed.

On September 29, 2005, Ms. Hamamoto was released on a personal recognizance bond with conditions that she report to the U.S. Pretrial Services Office as instructed; surrender any passport to the Clerk of Court, District Court of Guam; obtain no passport;

DECLARATION IN SUPPORT OF PETITION
Violation Report, Request for Warrant
Re: HAMAMOTO, Ginger Perez
USDC Cr. Cs. No. 05-00066-003
July 10, 2006
Page 2

remain at a fixed address and not change residence unless approved by the U.S. Probation Office; avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution; refrain from possessing a firearm, destructive device, or other dangerous weapon; refrain from any use of alcohol; refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; submit to any method of testing required by a pretrial services officer or the supervising officer for determining whether he is using a prohibited substance; refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release; report as soon as possible any contact with law enforcement; shall not go near any ports of entry or exit, unless authorized by the U.S. Probation Office; shall not leave the Territory of Guam without written permission of the Court and the U.S. Probation Office; and may communicate with co-defendant, Joseph Anthony Mesa on matters regarding their child.

On October 13, 2005, an Informational Report was filed with the Court for a positive drug test and for receiving a traffic citation. On November 7, 2005, the Court modified conditions to include that she participate in drug treatment due to two additional positive drug tests and a stall. On November 29, 2005, the Court modified conditions to include that she participate in home detention with electronic monitoring due to two additional positive drug tests and two urinalysis no shows.

On December 6, 2005, an Informational Report was filed with the Court for positive drug tests on October 29 and 30, 2005. On December 1, 2005, the laboratory report was received by U.S. Probation Officer San Nicolas confirming the positive results, and on December 2, 2005, during a compliance meeting, Ms. Hamamoto admitted to using "ice" on October 29, 2005.

On December 29, 2005, a violation report was submitted to the Court alleging that Ms. Hamamoto violated the conditions of home confinement by failing to return to her residence. She also tested positive for amphetamine and methamphetamine. On January 9, 2006, the Court found that Ms. Hamamoto had violated the conditions of her pretrial release and ordered her detained pending trial.

On May 1, 2006, the Court ordered Ms. Hamamoto released after an incident occurred at the Department of Corrections on April 30, 2006. She was released on her personal recognizance with conditions to include home incarceration with electronic monitoring, participate in drug testing and treatment, and undergo a mental health intake and assessment and abide by any and all treatment recommendations to include mental health counseling.

DECLARATION IN SUPPORT OF PETITION
Violation Report, Request for Warrant
Re:   HAMAMOTO, Ginger Perez
USDC Cr. Cs. No. 05-00066-003
July 10, 2006
Page 3

On May 5, 2006, a violation report was submitted to the Court alleging that Ms. Hamamoto violated the conditions of her release by using a controlled substance, methamphetamine. Ms. Hamamoto admitted to using "ice" on May 4, 2006.

On May 8, 2006, Ms. Hamamoto entered a plea of guilty to an Information charging her with Misprison of a Felony. A sentence date was set for August 28, 2006. During the hearing the Court authorized Ms. Hamamoto to travel to Hawaii to participate in the Kline-Welsh Behavioral Health Foundation, Sand Island Treatment Center Program. She was admitted to the residential program on May 10, 2006. Courtesy supervision was requested of the District of Hawaii Pretrial Services Office. Ginger Hamamoto is alleged to have violated the following conditions of release:

**Special Condition:** *The defendant shall participate in the Kline-Welsh Behavioral Health Foundation, Sand Island Treatment Center Program.* On June 29, 2006, Pretrial Services Officer, Alison Thom, was contacted by the Sand Island Treatment Center advising her that Ms. Hamamoto wanted to discharge herself from the Center following an incident which resulted in her being placed in segregation. Officer Thom stated that Ms. Hamamoto had been placed in segregation after an Alcoholics Anonymous meeting in which the Center staff had determined that the information she shared during the meeting was inappropriate. The staff were in the process of investigating the incident when Ms. Hamamoto informed them that she wanted to discharge herself from the program. She was taken to the airport on that date and departed Hawaii on June 30, 2006. She arrived on Guam on July 1, 2006, and promptly called the Probation Office of her arrival.

Ms. Hamamoto had been placed in segregation on May 26, 2006, after the Center staff found her to be in violation of program rules by continually attempting to make contact with a male who was also a resident in the treatment program. The staff had initially recommended that she be placed on "therapeutic detention" away from the Center for two to four weeks. The Center's clinical director subsequently agreed to give Ms. Hamamoto another chance after intervention from Hawaii Pretrial and consideration was given that she was not a resident of Hawaii.

The Center's termination summary submitted on June 30, 2006, stated that Ms. Hamamoto had been counseled on numerous occasions, concerning her behavior which they concluded was not appropriate and acceptable within the treatment environment and jeopardized the recovery of another treatment peer. The staff felt that she was not able to recognize, acknowledge, or take responsibility for her behavior and concluded that this mind-set appears to have been the major contributing factor to her decision to self-terminate services on June 29, 2006.

DECLARATION IN SUPPORT OF PETITION
Violation Report, Request for Warrant
Re: HAMAMOTO, Ginger Perez
USDC Cr. Cs. No. 05-00066-003
July 10, 2006
Page 4

**Supervision Compliance:** Ms. Hamamoto has submitted to two drug tests since her return to Guam on July 1, 2006. The tests were both negative for any of the controlled substances tested. Ms. Hamamoto has been instructed to remain home pending a Court hearing.

**Recommendation:** The Probation Officer respectfully requests that pursuant to 18 U.S.C. §3148, this matter be scheduled for a hearing and a summons be issued for the defendant's appearance at that hearing to determine if her bail should be revoked or modified.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 10th day of July 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
CARMEN D. O'MALLAN
U.S. Probation Officer Specialist

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Marivic David, AUSA
 G. Patrick Civille, Defense Counsel
 File