LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM

AUG 2 5 2006

MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> GINGER PEREZ HAMAMOTO, ) <br> ) <br> Defendant. ) | CRIMINAL CASE NO. 06-00018 <br><br> GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT |

The government adopts the findings of the Presentence Investigation Report ("PSR") and responds as follows to defendant Ginger Perez Hamamoto's objections to the PSR:

A. <u>Substantial Risk of Harm Enhancement</u>

Although defendant Hamamoto pleaded guilty to Misprision of a Felony, the underlying felony is the crime of conspiracy to manufacture methamphetamine hydrochloride which would make the enhancement of USSG § 2D1.1(b)(6)(C) applicable in this case. In her plea agreement the defendant admitted that an illegal scheme of manufacturing and distribution of ice existed in the Guam Reef hotel room and went there with her infant child in order to smoke ice. In her interview with the U.S. Probation Officer, [undisputed portion of ¶ 35 of the PSR], the defendant stated that her boyfriend, Joseph Mesa, would manufacture the substance. For sentencing purposes, the defendant's relevant conduct includes: (1) all acts or omissions that the defendant committed, aided,

abetted, counseled, commanded, induced, procured, or willfully caused; and (2) all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity. USSG § 1B1.3(a)(1)(A) and (B). The defendant's actions in bringing and exposing her infant to the illegal activity in the hotel room in part to satisfy her methamphetamine addiction placed her minor child at substantial risk of harm.

A sentencing factor that has an extremely disproportionate effect on sentence must be proved by clear and convincing evidence. United States v. Staten, 450 F.3d 384, 392-394 (9th Cir. 2006). The government intends to call witnesses during the sentencing hearing in support of the contested enhancement.

B. 18 U.S.C. § 3553(a)

One of the factors to be considered under 18 U.S.C. § 3553(a) in imposing a sentence includes a defendant's need for educational or vocation training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D). The defendant recognizes she has a strong methamphetamine addiction and has failed the on- and off-island drug counseling programs the court and her family has provided to date. The government concurs with the defense that the drug treatment options on Guam for defendant are indeed limited, but recommends instead a period of off-island confinement sufficient to provide the defendant with the necessary drug treatment and other appropriate treatments.

Dated this 24th day of August 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

2